PHILLIP A. TALBERT
United States Attorney
JEFFREY A. SPIVAK
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  1:17-CR-00188-LJO-SKO |
| Plaintiff, | STIPULATION AND ORDER FOR INTERLOCUTORY SALE OF REAL PROPERTY |
| v. | |
| WILLIAM JAMES FARBER aka "Bill Danzerian," BRYAN ANTHONY LEMONS, MICHAEL ANGELO PALMA, RYAN THOMAS MARTINSEN, MICHELE PICKERELL, and FAYSAL MUSTAFA ALKHAYAT, | |
| Defendants. | |

The United States and defendant, Michele Pickerell, by her attorneys, Steven A. Seiden and Michael Lee Becker, hereby agree and stipulate to an order authorizing the immediate interlocutory sale, pursuant to the terms set forth herein, for the real property located at 805 W. Gabrielino Court, Altadena, California, Los Angeles County, Assessor's Parcel Number 5863-023-044 (hereafter the "Subject Property"), and more fully described as:

Parcel 1:

Lot 11 of Tract No. 45546-04, in the County of Los Angeles, State of California, as per Map recorded in Book 1223 Pages 24 to 27 inclusive of Maps, in the office of the County Recorder of said County.

Except therefrom the property conveyed hereby any mineral or other exceptions of record.

1

Parcel 2:

A non-exclusive appurtenant easement for ingress and egress on and over those private streets or drives owned by La Vina Homeowners Association, a non profit mutual benefit corporation or portions of private streets over which access easements have been conveyed to La Vina Homeowners Association, subject to the Terms and Provisions of the Declaration of Restrictions recorded May 13, 1997 as Instrument No. 97-716312, Official Records and any Amendments Thereto.

Parcel 3:

A non-exclusive appurtenant easement to use any common area recreational facilities owned by La Vina Homeowners Association, a non-profit mutual benefit corporation or to which use easements have been conveyed to La Vina Homeowners Association, subject to the Terms and Provisions of the Declaration of Restrictions recorded May 13, 1997 as instrument No. 97-716312, Official Records, and any amendments thereto.

APN: 5863-023-044

1.      On August 17, 2017, a grand jury indicted defendant Michele Pickerell (hereafter "Defendant"), with conspiracy to manufacture, distribute, and possess with intent to distribute a controlled substance, distribution of a controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B), and 841(b)(1)(D).  The indictment alleged further, that upon Defendant's conviction, certain property would be forfeitable to the United States, including the Subject Property.

2.      The recorded owner of the Subject Property is Michele Pickerell, a married woman as her sole and separate property.

3.      U.S. Bank Trust, N.A., Trustee for LSF9 Master Participation Trust is on the Subject Property as secured by Deed of Trust dated December 21, 2007.  Select Portfolio Servicing (SPS) is the servicer of the mortgage on the Subject Property.

4.      On August 23, 2017, the United States recorded a Lis Pendens Notice of Pending Action against the Subject Property, giving notice to the titled and vested owners of the Subject Property of the United States' intent to forfeit the property pursuant to 21 U.S.C. § 853(a).  On August 23, 2017, the United States served a copy of the lis pendens by certified mail to the Defendant and to the recorded lienholder, U.S. Bank Trust, N.A., Trustee for LSF9 Master Participation Trust.  On December 15, 2017, the United States served a copy of the lis pendens to SPS, the current servicer of the mortgage on the Subject Property.

5.      On August 24, 2017, notice of the recorded lis pendens was filed in this action.

1      6.      On or about December 19, 2017, counsel for the government spoke to Andrew R. Welch,

2    Counsel for SPS, who indicated that SPS did not need to be a signatory on this stipulation.

3      7.      The parties agree that the Subject Property will be sold by the Defendant pursuant to the

4    following terms:

5      a.      The Defendant will sell the property to Gerald Washington and Patrice

6    Washington for $1,360,000.

7      b.      Title will be handled by Stewart Title, Attn: Nick Guzman, Title Officer, 801 N.

8    Brand Blvd., Suite 320, Glendale, California 91203.

9      c.      Escrow will be handled by Escrow of the West, 5900 Canoga Avenue #100,

10    Woodland Hills, CA 91367.

11      d.      Escrow will make the payments as set forth in the attached Seller's Estimated

12    Settlement Statement (attached hereto as Exhibit A).  The net proceeds for the transaction will be

13    approximately $141,314.78.

14      e.      The title/escrow officer will send any remaining equity proceeds by certified

15    check as follows:

16    Payee:      U.S. Customs and Border Protection

17    Send in care of:      U.S. Attorney's Office

18    Attn:  Asset Forfeiture Unit

19    2500 Tulare Street, Suite 4401

20    Fresno, California 93721

21      f.      The net proceeds from the sale of the Subject Property shall be substituted as the

22    property in this action pending a final order of forfeiture in this case.

23      8.      The parties stipulate that Defendant will retain custody, control, and responsibility of the

24    Subject Property until the interlocutory sale that is the subject of this stipulation is complete.  Defendant

25    shall maintain all insurance policies currently in effect with respect to the Subject Property, including

26    hazard insurance to cover all buildings and other improvements that are now located on the Subject

27    Property until the interlocutory sale is completed.  The insurance must cover loss or damage caused by

28    fire, hazards normally covered by "extended coverage" hazard insurance policies, and liability to

1   persons injured on said Subject Property and for property damage to the Subject Property.

2          9.     Except as specifically provided herein, Defendant shall not convey, transfer, encumber,

3   lien, or otherwise pledge the Subject Property without the prior written approval of the United States.

4         10.    Each party to this stipulation shall execute all documents and provide signatures

5   necessary to close escrow, as required by the title company.

6         11.    All parties to this stipulation hereby release the United States and its servants, agents, and

7   employees from any and all liability arising out of or in any way connected with the sale of the Subject

8   Property.  This is a full and final release applying to all unknown and unanticipated injuries, and/or

9   damages arising out of said interlocutory sale, as well as to those now known or disclosed.  The parties

10  to this stipulation waive the provisions of California Civil Code § 1542.

11        12.    Defendant shall maintain the Subject Property in the same condition and repair as existed

12  as of the date of this stipulation, normal wear and tear excepted, until her custody, control and

13  responsibility have ceased.  The term "maintain" shall include, but is not limited to, keeping the Subject

14  Property free of hazard and structural defects; keeping all heating, air conditioning, plumbing, electrical,

15  gas, oil, or other power facilities in good working condition and repair; keeping the Subject Property

16  clean and performing such necessary sanitation and waste removal; keeping the Subject Property in

17  good condition by providing for lawn and yard maintenance; and other ordinary and necessary items of

18  routine maintenance.

19        13.    The signature pages of this stipulation may be executed in one or more counterparts, each

20  of which will be deemed an original but all of which together will constitute one and the same

21  instrument.

22        14.    All parties are to bear their own costs and attorneys' fees.

23        15.    Pending the interlocutory sale of the Subject Property, and the disposition of the

24  proceeds, the parties hereby stipulate that the U.S. District Court for the Eastern District of California,

25  Hon. Lawrence J. O'Neill, Chief District Judge, shall retain jurisdiction to enforce the terms of this

26  stipulation.

27        WHEREFORE, the United States and Defendant request that the Court enter an order granting

28  their stipulation for an interlocutory sale as proposed by the parties.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respectfully submitted,

PHILLIP A. TALBERT
United States Attorney

Dated:  January 22, 2018

By:   /s/ Jeffrey A. Spivak
JEFFREY A. SPIVAK
Assistant U.S. Attorney

Dated:  January 18, 2018          By:   /s/ Michele Pickerell
MICHELE PICKERELL
Defendant
(Original signature retained by
attorney)

Dated: January 18, 2018          By:   /s/ Steven A. Seiden
STEVEN A. SEIDEN
Attorney for Defendant
Michele Pickerell
(Original signature retained by
attorney)

Dated:  January 18, 2018          By:   /s/ Ellen Bebo
ELLEN BEBO
Branch Manager/Senior Escrow
Officer
Escrow of the West
(Original signature retained by
attorney)

1

2

ACKNOWLEDGMENT

3

A notary public or other officer completing this acknowledgment verifies only the identity of the individual who signed this document, and not the truthfulness, accuracy, or validity of this document.

4

State of California                                    )
                                                       )
County of                                              )

5

6

On _____, 2018, before me, _____, Notary Public, personally appeared **Jeffrey A. Spivak**, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

7

8

9

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

10

WITNESS my hand and official seal.

11

12

Signature _____

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ACKNOWLEDGMENT

A notary public or other officer completing this acknowledgment verifies only the identity of the individual who signed this document, and not the truthfulness, accuracy, or validity of this document.

State of California            )
                               )
County of _____              )

On _____, 2018, before me, _____, Notary Public, personally appeared **Michele Pickerell**, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.


Signature _____

1
2

ACKNOWLEDGMENT

3

A notary public or other officer completing this acknowledgment verifies only the identity of the individual who signed this document, and not the truthfulness, accuracy, or validity of this document.

4
5

State of California                          )
                                             )
County of _____                      )

6
7

On _____, 2018, before me, _____, Notary Public, personally appeared [**COUNSEL FOR Michele Pickerell**], who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

8
9

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

10
11

WITNESS my hand and official seal.

12
13

Signature _____

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ACKNOWLEDGMENT

> A notary public or other officer completing this acknowledgment verifies only the identity of the individual who signed this document, and not the truthfulness, accuracy, or validity of this document.

State of California                          )
                                             )
County of _____                      )

On _____, 2018, before me, _____, Notary Public, personally appeared [**Escrow of the West**], who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.


Signature _____

**ORDER**

1.      The Subject Property shall be sold pursuant to the terms set forth above in the Stipulation for Interlocutory Sale.

2.      The net proceeds from the sale of the Subject Property shall be deposited into the Customs and Border Protection seized property account, substituted as the property herein, and held pending further order the Court.

IT IS SO ORDERED.

Dated:   **January 23, 2018**              _____**/s/ Lawrence J. O'Neill**_____
                                                UNITED STATES CHIEF DISTRICT JUDGE