# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br>    v.<br>WILLIAM JAMES FARBER,<br><br>            Defendant. | Case No. 17-CR-00188-JLT-SKO-1<br><br>**ORDER DENYING DEFENDANT FARBER'S FOURTH REQUEST TO EXTEND HIS SELF-SURRENDER DATE** |

Before the Court is Mr. Farber's fourth request to extend his self-surrender date by 120 days to August 9, 2023. (Doc. 262) Because the Court does not find exceptional circumstances to further delay the defendant's self-surrender date, the request is **DENIED**.

**I.    Mr. Farber fails to demonstrate exceptional circumstances necessary for a further extension of time to self-surrender**

William Farber plead guilty to one count of a three-count indictment charging him with conspiracy to Manufacture, Distribute, and Possess with the Intent to Distribute a Controlled Substance on the dark web. (Doc. 237 at 5) The presentence report indicates he was the leader of the conspiracy and he and his coconspirators generated nearly $8 million in sales of marijuana on one site and sold 3,178 grams of marijuana, 659 grams of cocaine, 1.33 grams of oxycodone; 11.385 grams of Norco hydrocodone; 488 grams of psilocybin, 265.99 grams of ecstasy, and .0033 grams of LSD on another website. *Id*. at 8. On October 27, 2022, the Court sentenced him to 57 months in custody. (Doc. 233) The Court also granted his unopposed motion to self-

1 surrender, which would occur on December 27, 2022. *Id*.

2 On December 27, 2022, the Court granted the parties' stipulation to extend Mr. Farber's self-surrender date to January 10, 2023. (Doc. 248; Doc. 249) On January 9, 2023, Court again granted the unopposed motion to extend the surrender date to April 11, 2023 (Doc. 252). (Doc. 255) Each of these extensions was due to Mr. Farber having been in a car accident on December 24, 2022, which resulted in him experiencing detrimental symptoms. Once again, Mr. Farber now seeks another extension—this time of 120 days—because he continues to be under the care of Dr. Virella. Notably, the doctor does not describe how the 120 days will be spent, except that it will allow Mr. Farber to obtain test results and engage in therapy.

Mr. Farber also submits the declaration of Maureen Baird, a former employee of the Bureau of Prisons. (Doc. 266) Ms. Baird opines that it is unlikely that Mr. Farber will have access to chiropractic care in prison, and if he has therapy, it will likely be in a group setting, rather than by individually. *Id.* Notably, neither the neurologist nor the neurosurgeon prescribed chiropractic care. Instead, on January 20, 2023, Dr. Kamrava[1] ordered eight weeks of chiropractic care, which, by the Court's calculation, should have expired in March. In addition, in later February, the psychologist recommended "8-10 sessions of cognitive behavioral therapy (CBT) over the course of the next three months" to address his psychological symptoms, some of which Mr. Farber seems to agree stem from his anxiety over reporting to prison[2]. Notably, however, there is no indication that any of the doctors think that he requires individual therapy or that group therapy will be insufficient.

Ms. Baird also opines that preexisting medical conditions may not receive the same level of responsiveness as those that are acute. Likewise, sleeping well while in BOP custody, she reports, can be impeded by the dormitory-style sleeping arrangements. Finally, Ms. Baird reports that certain medications—such as anti-anxiety medications—are often discontinued upon arrival at the prison, though she fails to provide any explanation why this is so, how she knows this is so

---

[1] There is no explanation as to this doctor's area of specialty or how Mr. Farber came to consult this doctor.

[2] Apparently, also, Mr. Farber has begun litigation related to his auto accident, which he identifies as an additional stressor.

or whether this is directed by medical staff.

The Court does not minimize the injuries Mr. Farber suffered. However, the Court is confident that the BOP can provide the medical care needed by those in its custody. Moreover, some of the events giving rise to Mr. Farber's conviction occurred 10 years ago. He plead to the charge and was convicted nearly six months ago. It is time for Mr. Farber to begin serving his sentence. Thus, the Court **ORDERS**:

1. The motion to further extend Mr. Farber's self-surrender date is **DENIED**.
2. The request to delay his self-surrender date to allow the presentence report to be amended to include Mr. Farber's medical records is **DENIED**. Because the Court has entered judgment, no further amendments to the presentence report can occur. However, Mr. Farber may forward his medical records to the probation officer who can facilitate having the records provided to the BOP.
3. Mr. Farber **SHALL** self-surrender to the facility designated by the BOP **no later than April 14, 2023 at 2:00 p.m.**

IT IS SO ORDERED.

Dated:   **April 10, 2023**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE